JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV11-10271-RGK (MRWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | *WAYNE WHITLEY v. LAWSON PRODUCTS INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On September 30, 2011 Wayne Whitley ("Plaintiff") filed a complaint against Lawson Products, Inc. ("Defendant") alleging claims for 1) declaratory relief regarding status as employee, 2) declaratory relief regarding restrictive covenants, 3) unfair competition under California Business & Professions Code § 17200, 4) accounting, 5) failure to pay employee expenses, and 6) injunctive relief. Plaintiff served the complaint on Defendant on November 15, 2011.

On December 13, 2011, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Plaintiff has alleged in his claims for accounting and for reimbursement of expenses that the amount in controversy is over $25,000. Defendant argues that each of these claims separately constitute $25,000 in damage and that the total, including attorneys' fees, must therefore be above $75,000. Defendant fails to consider that Plaintiff's claim for accounting and for reimbursement of expenses stem from the same set of facts. Even with the inclusion of attorneys' fees in the calculation, Defendant is no closer to carrying its burden because there is no basis for estimating that the attorneys' fees will necessarily be above $75,000. Accordingly, Defendants has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV11-10271-RGK (MRWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | *WAYNE WHITLEY v. LAWSON PRODUCTS INC.* | | |

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

  :  

Initials of Preparer